**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| TRACEY CROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.  4:21-cv-01519 |
| v. ) | |
| ) | Removal from |
| HOTEL EQUITIES GROUP, LLC ) | St. Louis County Circuit Court |
| D/B/A SPRINGHILL SUITES ST. LOUIS, ) | Case No. 21SL-CC05599 |
| ) | |
| Defendant. ) | |

**NOTICE OF REMOVAL**

Defendant, Hotel Equities Group, LLC d/b/a Springhill Suites St. Louis ("Defendant"), by and through undersigned counsel, hereby removes to this Court the lawsuit filed against it by Plaintiff Tracey Cross ("Plaintiff") in the Circuit Court of St. Louis County, Missouri.  For its Notice of Removal, Defendant states as follows:

1. Defendant operates a hotel in St. Louis County, Missouri, known as Springhill Suites St. Louis.

2. Plaintiff is a former employee of Defendant.

3. Defendant terminated Plaintiff's employment on or about March 4, 2020.

4. On November 22, 2021, Plaintiff filed a four count Petition for Damages against Defendant in the Circuit Court of St. Louis County, Missouri ("Original State Court Petition"). The Original State Court Petition purported to assert claims pursuant to the Missouri Human Rights Act, § 213.055 RSMo. ("MHRA"), Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA").  Counts I and III of the Original State Court Petition contained claims for race discrimination, and Counts II and IV contained claims for age discrimination.

5. Defendant was served with a copy of the Original State Court Petition on December 2, 2021. The Notice of Removal is being filed within thirty (30) days of service of process on Defendant.

6. On December 15, 2021, Plaintiff filed a First Amended Petition for Damages ("Amended State Court Petition"). The Amended State Court Petition removed the federal claims which were contained in the Original State Court Petition, leaving only the following two state claims in the Amended State Court Petition: Count I - Race Discrimination in violation of the MHRA; and Count II - Age Discrimination in violation of the MHRA.

7. The Amended State Court Petition has not been served on Defendant.

8. Pursuant to Local Rule 2.03 a copy of all process, pleadings, orders and other documents on file in the State court are attached hereto as **Exhibit A**.

9. The instant lawsuit is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1332 by virtue of diversity jurisdiction in that the lawsuit is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. Diversity juriscdiction over state-law claims exist when the amount in controversy exceeds $75,000 and there is "complete diversity of citizenship among the litigants." OnePoint Sols., LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) (*citing* 28 U.S.C. § 1332(a)).

11. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." Id.

12. For purposes of establishing diversity, a limited liability company's citizenship is the citizenship of its members. Id.

13. As alleged in the Amended State Court Petition, Defendant is a "Foreign Limited Liability Company," "organized and existing under the laws of the State of Georgia" with its "principal place of business . . . in Fulton County, State of Georgia located at 41 Perimeter Center E, Suite 510 in Atlanta, GA 30346." *See* Amended State Court Petition, ¶¶ 8, 9, 16 and 17 (Ex. A); *See also*, Declaration of Toi Brown, incorporated herein and attached hereto as **Exhibit B** (affirming Defendant is a limited liability company organized under the laws of Georgia and with its principal place of business in Georgia).

14. Hotel Equities is 100% owned by 33 Degrees Hotel Equities Holdings, LLC ("33 Degrees"). *See* Declaration of Toi Brown (Ex. B).

15. 33 Degrees is a limited liability company created and organized pursuant to the laws of the State of Delaware, and it has its principal place of business in the State of Georgia. *See* Declaration of Toi Brown (Ex. B).

16. The Members of 33 Degrees are Brad Rahinksky ("Rahinksky"), Fred Cerrone ("Cerrone"), and Quynh Palomino ("Palomino"). Rahinksky and Cerrone are citizens of the State of Georgia. Palomino is a citizen of the State of Arizona. *See* Declaration of Toi Brown (Ex. B).

17. Although the Amended State Court Petition does not make any allegations as to Plaintiff's citizenship, Defendant's personnel file for Plaintiff indicates that she is a citizen of Missouri. *See* Declaration of Toi Brown (Ex. B).

18. For purposes of diversity jurisdiction, therefore, Plaintiff is a citizen of Missouri and Defendant may be considered a citizen of Delaware, Georgia and Arizona.

19. In regard to damages, Plaintiff seeks damages in each claim for "compensatory and punitive damages in an in excess of $25,000 but less than $74,999.99, together with pre-and post judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional

distress, pain and suffering, reimstatement and/or front pay, [and] attorneys' fees . . . ." *See* Plaintiff's State Court Petition (Ex. A).

20.     For determining the amount in controversy for diversity jurisdiction, "[u]nder Missouri law, the prayer for relief is not controlling [as] [p]leadings may be amended to conform to the evidence." Hollenbeck v. Outboard Marine Corp., 201 F. Supp. 2d 990, 994 (E.D. Mo. 2001) (*citing* Swartz v. Cleveland Worm & Gear Co., 85 F. Supp. 29, 30 (E.D. Mo. 1949); and MO. R. CIV. P. 55.33(b)).

21.     "Although a plaintiff may insulate his case from removal by waiving a portion of his damages and asking less than the jurisdictional amount, he may not defeat removal simply by seeking less than the requisite amount in controversy when the court is informed that the value of the interest to be protected exceeds that amount.  Where the petition does not contain a demand for specific monetary amount, and removability of a case has been contested by a motion to remand, the court must make factual inquiry into the issue. In a case in which the demand is unspecified, the court may look to the petition for removal or make an independent appraisal of the claim." Hollenbeck, 201 F. Supp. 2d at 994.

22.     When determining whether the requisite jurisdictional amount has been met, courts consider in the aggregate all forms of relief requested, including actual damages, damages for emotional distress, punitive damages and statutory attorneys' fees. *See* Crawford v. F. Hoffman La Roche, 267 F.3d 760, 766 (8th Cir. 2001) (punitive damages and statutory attorneys' fees count in the calculation of amount in controversy); Larkin v. Brown, 41 F.3d 387, 389 (8th Cir. 1994) (actual damages and punitive damages count toward the amount in controversy); Riffert v. Walgreen Co., 2008 U.S. Dist. LEXIS 12751 (E.D. Mo. Feb. 20, 2008) (emotional distress, punitive damages, and attorneys' fees included in calculation of amount in controversy).

23. In this case, Plaintiff was a full time employee for Defendant making $12.38 per hour at the time of her termination. *See* Declaration of Toi Brown (Ex. B).

24. Accordingly, in the twenty one (21) month period since Plaintiff's termination from Defendant, her lost wages total approximately $45,000, and, assuming she continues to be unemployed through trial (which could be as much as two years away), Plaintiff's total lost wages through trial could be as high as $96,000. Accordingly, the potential lost wages alone meet the jurisdictional threshold.

25. In addition to these lost wages, Plaintiff is seeking front pay for a period after the trial date. "Front pay compensates a discrimination victim for lost future earnings from her former position for as long as she might have been expected to hold it . . . ." Priore v. Petco Animal Supply Stores, No. 14-cv-03264, 2015 U.S. Dist. LEXIS 197202, at *5. (N.D. Ill Jan. 20, 2015).

26. However, regardless of the sum of the lost wages and front pay damage calculations, the amount of controversy here is satisfied on the face of Plaintiff's State Court Petition given her request for punitive damages, emotional distress, pain and suffering, and attorneys' fees. *See* Schaeffer v. Security Management Services, No. 04-06073, 2004 U.S. Dist. LEXIS 29659, at*1 (W.D. Mo. Dec. 2, 2004) (holding that it was "facially apparent" from plaintiff's petition, which requested back pay, front pay or injunctive relief, lost fringe benefits, emotional pain and suffering, and attorneys' fees without naming an exact amount for plaintiff's claim under the MHRA, that the plaintiff claimed damages exceeding $75,000).

27. Notably, the Eighth Circuit has consistently affirmed substantial awards that exceed the $75,000 jurisdictional threshold for emotional distress damages alone under the MHRA. *See, e.g.,* Rowe v. Hussmann Corp., 381 F.3d 775 (8th Cir. 2004) (affirming award of $500,000 in emotional distress damages in sexual harassment case); Thorne v. WelkInv., Inc., 197 F.3d 1205

5

(8th Cir. 1999) (confirming a compensatory damages award of $135,000 including emotional distress damages in a sexual harassment case).

28. Similarly, attorneys' fees awards in MHRA discrimination cases almost invariably exceed $75,000.  *See* Soto v. Costco Wholesale Corp., Case No. 1316-CV11419 (Circuit Court, Jackson County, 2015) ($234,000 on a single claim for MHRA discrimination); Griffin v. City of Kansas City, Case No. 1316-CV-02435 (Circuit Court, Jackson County, 2014) ($129,654.70 in attorneys' fees and costs awarded); Hunt v. Missouri, 2001 U.S. Dist. LEXIS 24376 ($127,322.50 in attorneys' fees and costs awarded).

29. Though there is no "bright-line" rule regarding the ratio of punitive to compensatory damages, a one-to-one ratio has previously been used for purposes of establishing the amount in controversy for federal diversity jurisdiction.  *See* Frump v. Claire's Boutiques, Inc., 2011 WL 1103055, 2011 U.S. Dist. LEXIS 29667, *18 (W.D.Mo. 2011).

30. Thus, the compensatory damages claimed by Plaintiff in this case, combined with the demand for emotional distress, punitive damages and attorneys' fees, plausibly exceeds the amount in controversy requirement for removal to federal court based on diversity.

31. Although Defendant denies liability in this case, it is clear that the monetary stakes of litigation for Plaintiff's race and age discrimination claims could significantly exceed the $75,000 amount in controversy threshold.

32. The United States District Court for the Eastern District of Missouri encompasses St. Louis County, Missouri, where the state court action is now pending, and so this action is properly removed to the Eastern District of Missouri pursuant to 28 U.S.C. § 1441(a).

33. This Notice of Removal is accompanied by written Notice to Plaintiff, and a written Notice to Clerk of Removal filed with the Clerk of the Circuit Court of St. Louis County, Missouri, on this date, all as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Hotel Equities Group, LLC d/b/a Springhill Suites St. Louis provides Notice of Removal of the above-styled action pending in the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri.

Respectfully Submitted,

JACKSON LEWIS P.C.

/s/ Adam D. Hirtz
Adam D. Hirtz, #48448MO
Javas A. Smith, #68409MO
222 South Central Avenue, Suite 900
St. Louis, Missouri 63105
Telephone:  (314) 827-3939
Facsimile:  (314) 827-3940
adam.hirtz@jacksonlewis.com
javas.smith@jacksonlewis.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of December, 2021, I served a true and correct copy of the foregoing via the Court's Electronic Filing System and Email upon the following counsel of record:

Anthony S. Bretz, Esq.
Bretz Legal, LLC
222 South Central Avenue, Suite 1004
St. Louis, Missouri 63105
Telephone:  (314) 730-0394
Facsimile:  (314) 785-6500
tbretz@bretzlegal.com

*Attorneys for Plaintiff*

/s/ Adam D. Hirtz

4857-7333-7606, v. 1