

**Your Missouri Courts**

ase.net

Search for Cases by: [Select Search Method...    ⌄]

| Judicial Links | eFiling | Help | Contact Us | Print | GrantedPublicAccess  Logoff ADAMSMOBAR48448 |

**21SL-CC05599 - TRACEY CROSS V HOTEL EQUITIES GROUP, LLC DBA SPRIN (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries:   ◉ Descending   ○ Ascending

Display Options: [All Entries    ⌄]

---

**12/15/2021**  ☐  **Note to Clerk eFiling**
  **Filed By:** ANTHONY S BRETZ

☐ **Amended Motion/Petition Filed**
First Amended Petition.
  **Filed By:** ANTHONY S BRETZ
  **On Behalf Of:** TRACEY CROSS

**12/03/2021**  ☐  **Corporation Served**
Document ID - 21-SMCC-10597; Served To - HOTEL EQUITIES GROUP, LLC; Server - CROCKER, KARON; Served Date - 02-DEC-21; Served Time - 00:00:00; Service Type - Territory 13; Reason Description - Served; Service Text - LC

**11/24/2021**  ☐  **Summons Issued-Circuit**
Document ID: 21-SMCC-10597, for HOTEL EQUITIES GROUP, LLC. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**11/22/2021**  ☐  **Filing Info Sheet eFiling**
  **Filed By:** ANTHONY S BRETZ

☐ **Note to Clerk eFiling**
  **Filed By:** ANTHONY S BRETZ

☐ **Pet Filed in Circuit Ct**
Petition for Damages.
  **Filed By:** ANTHONY S BRETZ
  **On Behalf Of:** TRACEY CROSS

☐ **Judge Assigned**
DIV 6

---

Case.net Version 5.14.44           [Return to Top of Page]           Released 12/22/2021

**EXHIBIT A**

**21SL-CC05599**

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **TRACEY CROSS,** | ) | |
| | ) | **Cause No.:** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Division:** |
| | ) | |
| **HOTEL EQUITIES GROUP, LLC** | ) | |
| **D/B/A SPRINGHILL SUITES ST. LOUIS,** | ) | |
| *Registered Agent:* | ) | **JURY TRIAL DEMANDED** |
| *Cogency Global INC.* | ) | |
| *9666 Olive Blvd., Ste. 690* | ) | |
| *St. Louis, MO 63132* | ) | |
| | ) | |
| **Defendant.** | ) | |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff Tracey Cross, by and through her undersigned counsel, and for her Petition for Damages against Hotel Equities Group, LLC D/B/A Springhill Suites St. Louis ("HEG"), states as follows:

**NATURE OF ACTION**

1.      This action is brought pursuant to the Missouri Human Rights Act, RSMo. §§ 213.010, *et seq.* ("MHRA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.* ("Title VII") and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA") to redress Plaintiff Tracey Cross's claims of race and age discrimination.

2.      Plaintiff has satisfied all administrative prerequisites to suit.

3.      On or about March 4, 2020, Mrs. Cross contacted the Equal Employment Opportunity Commission (the "EEOC") in order to initiate filing a Charge of Discrimination with both the EEOC and the Missouri Commission on Human Rights (the "MCHR").

Electronically Filed - St Louis County - November 22, 2021 - 05:15 PM

4.      On or about November 17, 2020, Mrs. Cross filed an administrative charge of Discrimination with the MCHR, Charge # FE-11/20-32569, which was dually-filed with the EEOC, Charge # 560-2020-01336.

5.      On or about August 25, 2021, the EEOC issued a Notice of Right to Sue. A true and accurate copy of the August 25, 2021, Notice of Right to Sue is attached hereto, incorporated herein by reference, and marked as Exhibit A.

6.      This Petition is timely filed within ninety (90) days of the issuance of the August 25, 2021, Notice of Right to Sue, as well as within two (2) years of the date of the last act of discrimination, being Mrs. Cross' wrongful termination on or about March 4, 2020.

## JURISDICTION AND VENUE

7.      Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

8.      Defendant Hotel Equities Group, LLC D/B/A Springhill Suites St. Louis' (hereinafter "HEG") principal place of business is in Fulton County, State of Georgia located at 41 Perimeter Center E, Suite 510 in Atlanta, GA 30346.

9.      Defendant HEG is registered with the Office of the Missouri Secretary of State as a Foreign Limited Liability Company.

10.     Defendant HEG conducts extensive business in Saint Louis County, State of Missouri.

11.     The Court has jurisdiction over this action because conduct alleged throughout this Petition and giving rise to Plaintiff's causes of action occurred in Saint Louis County, State of Missouri.

Electronically Filed - St Louis County - November 22, 2021 - 05:15 PM

12.     Venue is proper in Saint Louis County, State of Missouri, pursuant to §
508.010(4) RSMo. and § 213.111(1) RSMo.

### PARTIES

13.     Plaintiff, Tracey Cross (sometimes hereafter referred to as "Plaintiff" or "Mrs.
Cross"), is a 65-Year-Old African-American Female and who was employed by Defendant HEG
as a Front Desk Clerk from on or about May 30, 2019, until her termination on March 4, 2020.

14.     Defendant HEG is a full-service hotel management company that provides
management, development, and consulting for hotels throughout the United States, and which is
organized as a Limited Liability Company under the Laws of the State of Georgia.

15.     Defendant HEG further operates a hotel in Saint Louis County, State of Missouri
under the DBA Springhill Suites St. Louis located at 1065 Chesterfield Parkway East,
Chesterfield, MO 63017 in Saint Louis County, State of Missouri.

16.     At all pertinent times hereto, Defendant HEG, was an "employer" as defined by
§ 213.010(7) RSMo. (1998) for all actions herein, in that Defendant HEG employs six (6)
persons or more in the State of Missouri, is a Limited Liability Company organized and existing
under the laws of the State of Georgia which is registered as a Foreign Limited Liability
Company doing business in Saint Louis County, Missouri, and may be served by and through its
Registered Agent, Cogency Global INC., located at 9666 Olive Boulevard, Suite 690, Saint
Louis, Missouri 63132.

17.     At all pertinent times hereto, Defendant HEG, was an "employer" as defined by
Title VII of the Civil Rights Act of 1964, as amended, for all actions herein, in that Defendant
HEG employs fifteen (15) persons or more in the State of Missouri, is a Limited Liability
Company organized and existing under the laws of the State of Georgia which is registered as a

Electronically Filed - St Louis County - November 22, 2021 - 05:15 PM

Foreign Limited Liability Company doing business in Saint Louis County, Missouri, and may be served by and through its Registered Agent, Cogency Global INC., located at 9666 Olive Boulevard, Suite 690, Saint Louis, Missouri 63132.

18.     At all pertinent times hereto, Defendant HEG, was an "employer" as defined by the Age Discrimination in Employment Act ("ADEA") of 1967, as amended, for all actions herein, in that Defendant HEG employs twenty (20) persons or more in the State of Missouri, is a Limited Liability Company organized and existing under the laws of the State of Georgia which is registered as a Foreign Limited Liability Company doing business in Saint Louis County, Missouri, and may be served by and through its Registered Agent, Cogency Global INC., located at 9666 Olive Boulevard, Suite 690, Saint Louis, Missouri 63132.

## FACTS RELEVANT TO ALL COUNTS

19.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

20.     On May 30, 2019, Plaintiff was hired as a Front Desk Clerk for Defendant HEG.

21.     Plaintiff was employed as a Front Desk Clerk until Defendant HEG terminated her employment on or about March 4, 2020.

22.     From May 30, 2019, until on or about February 26, 2020, Mr. Walter Darby ("Mr. Darby"), a Caucasian Male, as General Manager of the Springhill Suites St. Louis location was Plaintiff's direct supervisor.

23.     In her capacity as the interim Task Force General Manager, Ms. Shannon Rivera ("Ms. Rivera"), a Caucasian Female, was Plaintiff's supervisor from on or about February 26, 2020, until the date of Plaintiff's termination.

4

Electronically Filed - St Louis County - November 22, 2021 - 05:15 PM

24.     As the Task Force General Manager, and as Plaintiff's supervisor, Ms. Rivera acted as an agent, servant, or employee of HEG, and acted within the course and scope of her employment with HEG.

25.     Ms. Rivera, as Plaintiff's supervisor, subjected Plaintiff to race-based discrimination from  on or about February 26, 2020, until Plaintiff was terminated on or about March 4, 2020.

26.     Ms. Rivera, as Plaintiff's supervisor, subjected Plaintiff to age-based discrimination from  on or about February 26, 2020, until Plaintiff was terminated on or about March 4, 2020.

27.     Prior to his termination on or about February 26, 2020, Mr. Darby granted Plaintiff her requested time off for February 28, 2020, in lieu of overtime Plaintiff had completed.

28.     On or about February 27, 2020, Plaintiff and her coworkers learned of the termination of Mr. Darby from Ms. Rivera.

29.     On or about February 27, 2020, Plaintiff and her coworkers learned from Ms. Rivera that she has been assigned by HEG to take over the job responsibilities of Mr. Darby as an interim Task Force General Manager for the Springhill Suites St. Louis location.

30.     On or about February 27, 2020, Ms. Rivera advised Plaintiff and Plaintiff's coworkers that Ms. Rivera would remain as their supervisor until a replaced was hired.

31.     On or about February 27, 2020, Plaintiff informed Ms. Rivera of Plaintiff's previously granted time off request for the following day, February 28, 2020.

32.     On or about February 28, 2020, while Plaintiff was exercising her previously

Electronically Filed - St Louis County - November 22, 2021 - 05:15 PM

granted time off request, Ms. Rivera informed Plaintiff via a voicemail recording that Plaintiff would be suspended until March 9, 2020, as a result of Plaintiff's absence from work on February 28, 2020.

33.     Plaintiff attempted to contact Ms. Rivera to determine why Plaintiff was suspended despite her having permission to exercise time off for February 28, 2020.

34.     Plaintiff's attempts to Ms. Rivera were unsuccessful.

35.     On or about March 4, 2020, Ms. Rivera called Plaintiff and terminated Plaintiff's employment with HEG.

36.     When Plaintiff questioned Ms. Rivera as to why Plaintiff was being terminated, Ms. Rivera replied by calling Plaintiff a "Ni**er."

37.     Ms. Rivera further stated to Plaintiff that Ms. Rivera was going to "get rid of all of the Ni**ers" who worked for HEG.

38.     Upon information and belief, HEG filled Plaintiff's role with a younger, Caucasian female employee.

39.     Plaintiff was treated by the Defendant differently from her  other coworkers due to her race because of Ms. Rivera's conduct directed toward Plaintiff, as more fully described above.

40.     From the date of February 27, 2020, until Plaintiff's termination, Defendant treated Plaintiff differently because of her race and/or age.

41.     From the date of Plaintiff's employment until on or about February 27, 2020, the date Ms. Rivera became her supervisor, Plaintiff's working environment was amicable and one in which she felt not only safe but one in which she perceived that her efforts and work product

Electronically Filed - St Louis County - November 22, 2021 - 05:15 PM

were  viewed favorably and valued by Defendant HEG.

42.     Up until the date Ms. Rivera took over as the Task Force General Manager at the Springhill Suites St. Louis location, Plaintiff had received zero negative reviews, write-ups, or disciplinary actions of any kind with respect to her work performance.

43.     The above-described conduct of the Defendant toward Plaintiff was motivated by Plaintiff's race and/or age.

44.     The compensation, terms, conditions, and privileges of Plaintiff's employment were affected by Defendant's unlawful conduct as more fully described above.

45.     Defendant punished Plaintiff by wrongfully terminating her employment.

46.     Plaintiff has experienced emotional trauma, pain and suffering, and emotional distress as a direct result of the race-based behavior and treatment by Defendant of Plaintiff from the date of February 27, 2020, until Plaintiff was terminated.

47.     On or about March 4, 2020, Plaintiff was terminated from her position of employment with Defendant HEG.

48.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained, and will continue to sustain, lost wages and benefits.

49.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, emotional distress.

50.     As a direct and proximate result of Defendant's actions, Plaintiff has incurred, and will continue to incur, attorneys' fees and costs of litigation.

51.     The actions of Defendant, by and through its supervisor, were outrageous because of Defendants' evil motive or reckless indifference to the rights of others, and an award

7

Electronically Filed - St Louis County - November 22, 2021 - 05:15 PM

of  punitive damages against Defendant is warranted in order to punish Defendant, and to deter others from like conduct.

## COUNT I
## RACE DISCRIMINATION IN VIOLATION OF THE
## MISSOURI HUMAN RIGHTS ACT

52.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

53.     Defendant HEG treated Plaintiff differently than other employees and discharged Plaintiff's employment, failed to renew Plaintiff's employment, and failed to hire or rehire Plaintiff as a Front Desk Clerk for Defendant HEG.

54.     Defendant HEG discriminated against Plaintiff based on her race because of the race-based conduct described  in paragraphs 19 through 51 in violation of the Missouri Human Rights Act.

55.      Plaintiff's race was a compelling factor in such decision to treat her differently and to discharge, failure to renew Plaintiff's employment, and failure to hire or rehire Plaintiff as a Front Desk Clerk for Defendant HEG.

56.      Defendant HEG's actions constitute an  unlawful employment practice and a violation of Plaintiff's rights under § 213.055 RSMo.

57.      Defendant HEG's conduct was willful, wanton, and malicious.

58.      As a direct result of such conduct, Plaintiff sustained damage.

WHEREFORE, Plaintiff, Ms. Tracey Cross, respectfully requests judgment in her favor against Defendant HEG for pain and suffering and compensatory and punitive damages in an amount in excess of $25,000.00 but less than $74,999.99, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress,

Electronically Filed - St Louis County - November 22, 2021 - 05:15 PM

pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE
## <u>MISSOURI HUMAN RIGHTS ACT</u>

59.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

60.     Defendant HEG treated Plaintiff differently than other employees who were more favorably treated, and discharged Plaintiff's employment, failed to renew Plaintiff's employment, and failed to hire or rehire Plaintiff as a Front Desk Clerk for Defendant HEG.

61.     Defendant HEG discriminated against Plaintiff based on her age because of the age-based conduct described  in paragraphs 19 through 51 in violation of the Missouri Human Rights Act.

62.     Plaintiff's age was a compelling factor in such decision to treat her differently and to discharge, failure to renew Plaintiff's employment, and failure to hire or rehire Plaintiff as a Front Desk Clerk for Defendant HEG.

63.     Defendant HEG's actions constitute an  unlawful employment practice and a violation of Plaintiff's rights under § 213.055 RSMo.

64.     As a direct result of such conduct, Plaintiff sustained damage.

WHEREFORE, Plaintiff, Ms. Tracey Cross, respectfully requests judgment in her favor against Defendant HEG for pain and suffering and compensatory damages in an amount in excess of $25,000.00 but less than $74,999.99, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may

9

Electronically Filed - St Louis County - November 22, 2021 - 05:15 PM

deem just and proper under the circumstances.

**COUNT III**
**RACE DISCRIMINATION IN VIOLATION OF THE**
**TITLE VII OF THE CIVIL RIGHTS ACT**

65.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

66.     Plaintiff suffered an adverse employment action when she was terminated because of her race as described  in paragraphs 19 through 51.

67.     Any purported reasons that Defendant HEG might offer for these actions is nothing but pretext to conceal Defendant HEG's illegal discrimination against Plaintiff.

68.     All actions or inactions of or by Defendant HEG occurred by or through its agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

69.     Plaintiff's race was a compelling factor in such behavior as above-described.

70.     Defendant HEG's actions constitute an unlawful employment practice and violation of Plaintiff's rights under Title VII, as secured by 42 U.S.C. § 2000(e) *et seq.*

71.     As a direct and proximate result of the acts of Defendant HEG as alleged herein, Plaintiff has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

WHEREFORE, Plaintiff, Ms. Tracey Cross, respectfully requests judgment in her favor against Defendant HEG for pain and suffering and compensatory and punitive damages in an amount in excess of $25,000.00 but less than $74,999.99, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress,

Electronically Filed - St Louis County - November 22, 2021 - 05:15 PM

pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

**COUNT IV**
**AGE DISCRIMINATION IN VIOLATION OF THE**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**

72.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

73.     Plaintiff was meeting the job role expectations of Defendant HEG.

74.     Defendant HEG treated Plaintiff differently than other employees who were treated more favorably, and discharged Plaintiff's employment, failed to renew Plaintiff's employment, and failed to hire or rehire Plaintiff as a Front Desk Clerk for Defendant HEG.

75.     Defendant HEG discriminated against Plaintiff based on her age because of the age-based conduct described  in paragraphs 19 through 51 in violation of the ADEA.

76.     Plaintiff's age was a compelling factor in such decision to treat her differently and to discharge, failure to renew Plaintiff's employment, and failure to hire or rehire Plaintiff as a Front Desk Clerk for Defendant HEG.

77.     Defendant HEG's actions constitute an  unlawful employment practice and a violation of Plaintiff's rights under the Age Discrimination in Employment Act, as secured by 29 U.S.C. § 621 *et seq.*

78.     As a direct result of such conduct, Plaintiff sustained damage.

WHEREFORE, Plaintiff, Ms. Tracey Cross, respectfully requests judgment in her favor against Defendant HEG for pain and suffering and compensatory damages in an amount in excess of $25,000.00 but less than $74,999.99, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and

11

Electronically Filed - St Louis County - November 22, 2021 - 05:15 PM

suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may

deem just and proper under the circumstances.

Respectfully Submitted,

By: */s/ Anthony S. Bretz*
Anthony S. Bretz, #61075
BRETZ LEGAL, LLC
222 S. Central Ave., Ste. 1004
Clayton, MO 63105
Phone: (314) 730-0394
Fax: (314) 785-6500
Email: tbretz@bretzlegal.com
*Counsel For Plaintiff*

Electronically Filed - St Louis County - November 22, 2021 - 05:15 PM

# Exhibit A

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Tracey Cross**<br>**3339 Claxtonhall Dr Apt 2**<br>**Hazelwood, MO 63044** | From:  **St. Louis District Office**<br>**1222 Spruce Street**<br>**Room 8.100**<br>**Saint Louis, MO 63103** |

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **560-2020-01336** | **Tonya R. Hauert,**<br>**Investigator** | **(314) 798-1942** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☒  The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Alfred C. Kirk Jr.

Digitally signed by Alfred C. Kirk Jr.
Date: 2021.08.25 06:04:27 -05'00'

Enclosures(s)

For:  **Lloyd J. Vasquez, Jr.,**
**District Director**

*(Date Issued)*

cc:   **Toi Brown**
**Corporate Director of HR**
**Hotel Equities**
**4800 N POINT PKWY**
**STE 250**
**Alpharetta, GA 30022**

**Anthony Bretz, Esq.**
**KODNER & WATKINS, LC**
**222 S. Central Ave.**
**SUITE 1004**
**University City, MO 63105**

Enclosure with EEOC
Form 161-B (11/2020)

**INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to
consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or
record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you
did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was
*issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office.  If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
<u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge
file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>JOHN N. BORBONUS III | **Case Number:  21SL-CC05599** | |
| Plaintiff/Petitioner:<br>TRACEY CROSS | Plaintiff's/Petitioner's Attorney/Address<br>ANTHONY S BRETZ<br>Bretz Legal<br>222 S Central Ave<br>Ste 1004<br>Clayton, MO  63105 | **SHERIFF FEE PAID** |
| **vs.** | | |
| Defendant/Respondent:<br> HOTEL EQUITIES GROUP, LLC<br>DBA:   SPRINGHILL SUITES ST LOUIS | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | *(Date File Stamp)* |

## Summons in Civil Case

The State of Missouri to:  HOTEL EQUITIES GROUP, LLC
DBA:   SPRINGHILL SUITES ST LOUIS

**9666 OLIVE BOULEVARD
SUITE 690
ST. LOUIS, MO  63132**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

     **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**
     **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>24-NOV-2021</u>
**Date**

_____
**Clerk**

**Further Information:
AD**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server     Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*     Subscribed and sworn to before me on _____ (date).

My commission expires: _____     _____
                      Date                   Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.   The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

# County Satellite Court Now Open in St. Ann
## Hours: Mon-Fri  8:30 a.m. to 5:00 p.m.   FREE PARKING

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**
If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.

**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**
If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**
Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

**For more information call: 314-615-8029**



# RETURN

S/B
12/23



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOHN N. BORBONUS III | Case Number:  21SL-CC05599 |
| Plaintiff/Petitioner:<br>TRACEY CROSS | Plaintiff's/Petitioner's Attorney/Address<br>ANTHONY S BRETZ<br>Bretz Legal<br>222 S Central Ave<br>Ste 1004<br>vs.   Clayton, MO 63105 |
| Defendant/Respondent:<br> HOTEL EQUITIES GROUP, LLC<br>DBA:  SPRINGHILL SUITES ST LOUIS | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

**SHERIFF FEE PAID**

**FILED**

DEC - 6 2021

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY
(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:**  HOTEL EQUITIES GROUP, LLC
DBA:  SPRINGHILL SUITES ST LOUIS

9666 OLIVE BOULEVARD
SUITE 690
ST. LOUIS, MO  63132

13 Clock PM

COURT SEAL OF



ST. LOUIS COUNTY

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
        SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>24-NOV-2021</u>
Date

*Joan M. Gilmer*
Clerk

Further Information:
AD

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _Susan Faccaro_ (name) _Admin Asst_ (title).

☐ other _____.

Served at _9666 Olive, Ste 690_ (address)

in _STL_ County/City of St. Louis), MO, on _12.2.21_ (date) at _0840_ (time).

_Karen Crocker_                          _K Crocker_
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                              Date                    Notary Public

12-1

Electronically Filed - St Louis County - December 15, 2021 - 03:19 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| TRACEY CROSS, )  | |
| ) | **Cause No.:** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Division:** |
| ) | |
| **HOTEL EQUITIES GROUP, LLC** ) | |
| **D/B/A SPRINGHILL SUITES ST. LOUIS,** ) | |
| *Attorney for Defendant:* ) | **JURY TRIAL DEMANDED** |
| *JACKSON LEWIS* ) | |
| *222 S. Central Ave., Ste. 900* ) | |
| *Clayton, MO 63105* ) | |
| ) | |
| **Defendant.** ) | |

## FIRST AMENDED PETITION FOR DAMAGES

COMES NOW Plaintiff Tracey Cross, by and through her undersigned counsel, and for her First Amended Petition for Damages against Hotel Equities Group, LLC D/B/A Springhill Suites St. Louis ("HEG"), states as follows:

## NATURE OF ACTION

1.      This action is brought pursuant to the Missouri Human Rights Act, RSMo. §§ 213.010, *et seq.* ("MHRA"), to redress Plaintiff Tracey Cross's claims of race and age discrimination.

2.      Plaintiff has satisfied all administrative prerequisites to suit.

3.      On or about March 4, 2020, Mrs. Cross contacted the Equal Employment Opportunity Commission (the "EEOC") in order to initiate filing a Charge of Discrimination with both the EEOC and the Missouri Commission on Human Rights (the "MCHR").

4.      On or about November 17, 2020, Mrs. Cross filed an administrative charge of Discrimination with the MCHR, Charge # FE-11/20-32569, which was dually-filed with the

Electronically Filed - St Louis County - December 15, 2021 - 03:19 PM

EEOC, Charge # 560-2020-01336.

5.      On or about August 25, 2021, the EEOC issued a Notice of Right to Sue. A true and accurate copy of the August 25, 2021, Notice of Right to Sue is attached hereto, incorporated herein by reference, and marked as Exhibit A.

6.      This Petition is timely filed within ninety (90) days of the issuance of the August 25, 2021, Notice of Right to Sue, as well as within two (2) years of the date of the last act of discrimination, being Mrs. Cross' wrongful termination on or about March 4, 2020.

**JURISDICTION AND VENUE**

7.      Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

8.      Defendant Hotel Equities Group, LLC D/B/A Springhill Suites St. Louis' (hereinafter "HEG") principal place of business is in Fulton County, State of Georgia located at 41 Perimeter Center E, Suite 510 in Atlanta, GA 30346.

9.      Defendant HEG is registered with the Office of the Missouri Secretary of State as a Foreign Limited Liability Company.

10.     Defendant HEG conducts extensive business in Saint Louis County, State of Missouri.

11.     The Court has jurisdiction over this action because conduct alleged throughout this Petition and giving rise to Plaintiff's causes of action occurred in Saint Louis County, State of Missouri.

12.     Venue is proper in Saint Louis County, State of Missouri, pursuant to § 508.010(4) RSMo. and § 213.111(1) RSMo.

2

Electronically Filed - St Louis County - December 15, 2021 - 03:19 PM

**PARTIES**

13.     Plaintiff, Tracey Cross (sometimes hereafter referred to as "Plaintiff" or "Mrs. Cross"), is a 65-Year-Old African-American Female and who was employed by Defendant HEG as a Front Desk Clerk from on or about May 30, 2019, until her termination on March 4, 2020.

14.     Defendant HEG is a full-service hotel management company that provides management, development, and consulting for hotels throughout the United States, and which is organized as a Limited Liability Company under the Laws of the State of Georgia.

15.     Defendant HEG further operates a hotel in Saint Louis County, State of Missouri under the DBA Springhill Suites St. Louis located at 1065 Chesterfield Parkway East, Chesterfield, MO 63017 in Saint Louis County, State of Missouri.

16.     At all pertinent times hereto, Defendant HEG, was an "employer" as defined by § 213.010(7) RSMo. (1998) for all actions herein, in that Defendant HEG employs six (6) persons or more in the State of Missouri, is a Limited Liability Company organized and existing under the laws of the State of Georgia which is registered as a Foreign Limited Liability Company doing business in Saint Louis County, Missouri, and may be served by and through its Registered Agent, Cogency Global INC., located at 9666 Olive Boulevard, Suite 690, Saint Louis, Missouri 63132.

17.     At all pertinent times hereto, Defendant HEG, was an "employer" as defined by Title VII of the Civil Rights Act of 1964, as amended, for all actions herein, in that Defendant HEG employs fifteen (15) persons or more in the State of Missouri, is a Limited Liability Company organized and existing under the laws of the State of Georgia which is registered as a Foreign Limited Liability Company doing business in Saint Louis County, Missouri, and may be served by and through its Registered Agent, Cogency Global INC., located at 9666 Olive

3

Electronically Filed - St Louis County - December 15, 2021 - 03:19 PM

Boulevard, Suite 690, Saint Louis, Missouri 63132.

## FACTS RELEVANT TO ALL COUNTS

18.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

19.     On May 30, 2019, Plaintiff was hired as a Front Desk Clerk for Defendant HEG.

20.     Plaintiff was employed as a Front Desk Clerk until Defendant HEG terminated her employment on or about March 4, 2020.

21.     From May 30, 2019, until on or about February 26, 2020, Mr. Walter Darby ("Mr. Darby"), a Caucasian Male, as General Manager of the Springhill Suites St. Louis location was Plaintiff's direct supervisor.

22.     In her capacity as the interim Task Force General Manager, Ms. Shannon Rivera ("Ms. Rivera"), a Caucasian Female, was Plaintiff's supervisor from on or about February 26, 2020, until the date of Plaintiff's termination.

23.     As the Task Force General Manager, and as Plaintiff's supervisor, Ms. Rivera acted as an agent, servant, or employee of HEG, and acted within the course and scope of her employment with HEG.

24.     Ms. Rivera, as Plaintiff's supervisor, subjected Plaintiff to race-based discrimination from  on or about February 26, 2020, until Plaintiff was terminated on or about March 4, 2020.

25.     Ms. Rivera, as Plaintiff's supervisor, subjected Plaintiff to age-based discrimination from  on or about February 26, 2020, until Plaintiff was terminated on or about March 4, 2020.

4

Electronically Filed - St Louis County - December 15, 2021 - 03:19 PM

26.     Prior to his termination on or about February 26, 2020, Mr. Darby granted Plaintiff her requested time off for February 28, 2020, in lieu of overtime Plaintiff had completed.

27.     On or about February 27, 2020, Plaintiff and her coworkers learned of the termination of Mr. Darby from Ms. Rivera.

28.     On or about February 27, 2020, Plaintiff and her coworkers learned from Ms. Rivera that she has been assigned by HEG to take over the job responsibilities of Mr. Darby as an interim Task Force General Manager for the Springhill Suites St. Louis location.

29.     On or about February 27, 2020, Ms. Rivera advised Plaintiff and Plaintiff's coworkers that Ms. Rivera would remain as their supervisor until a replaced was hired.

30.     On or about February 27, 2020, Plaintiff informed Ms. Rivera of Plaintiff's previously granted time off request for the following day, February 28, 2020.

31.     On or about February 28, 2020, while Plaintiff was exercising her previously granted time off request, Ms. Rivera informed Plaintiff via a voicemail recording that Plaintiff would be suspended until March 9, 2020, as a result of Plaintiff's absence from work on February 28, 2020.

32.     Plaintiff attempted to contact Ms. Rivera to determine why Plaintiff was suspended despite her having permission to exercise time off for February 28, 2020.

33.     Plaintiff's attempts to Ms. Rivera were unsuccessful.

34.     On or about March 4, 2020, Ms. Rivera called Plaintiff and terminated Plaintiff's employment with HEG.

35.     When Plaintiff questioned Ms. Rivera as to why Plaintiff was being terminated,

Electronically Filed - St Louis County - December 15, 2021 - 03:19 PM

Ms. Rivera replied by calling Plaintiff a "Ni\*\*er."

36.     Ms. Rivera further stated to Plaintiff that Ms. Rivera was going to "get rid of all of the Ni\*\*ers" who worked for HEG.

37.     Upon information and belief, HEG filled Plaintiff's role with a younger, Caucasian female employee.

38.     Plaintiff was treated by the Defendant differently from her  other coworkers due to her race because of Ms. Rivera's conduct directed toward Plaintiff, as more fully described above.

39.     From the date of February 27, 2020, until Plaintiff's termination, Defendant treated Plaintiff differently because of her race and/or age.

40.     From the date of Plaintiff's employment until on or about February 27, 2020, the date Ms. Rivera became her supervisor, Plaintiff's working environment was amicable and one in which she felt not only safe but one in which she perceived that her efforts and work product were  viewed favorably and valued by Defendant HEG.

41.     Up until the date Ms. Rivera took over as the Task Force General Manager at the Springhill Suites St. Louis location, Plaintiff had received zero negative reviews, write-ups, or disciplinary actions of any kind with respect to her work performance.

42.     The above-described conduct of the Defendant toward Plaintiff was motivated by Plaintiff's race and/or age.

43.     The compensation, terms, conditions, and privileges of Plaintiff's employment were affected by Defendant's unlawful conduct as more fully described above.

44.     Defendant punished Plaintiff by wrongfully terminating her employment.

Electronically Filed - St Louis County - December 15, 2021 - 03:19 PM

45.     Plaintiff has experienced emotional trauma, pain and suffering, and emotional distress as a direct result of the race-based behavior and treatment by Defendant of Plaintiff from the date of February 27, 2020, until Plaintiff was terminated.

46.     On or about March 4, 2020, Plaintiff was terminated from her position of employment with Defendant HEG.

47.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained, and will continue to sustain, lost wages and benefits.

48.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, emotional distress.

49.     As a direct and proximate result of Defendant's actions, Plaintiff has incurred, and will continue to incur, attorneys' fees and costs of litigation.

50.     The actions of Defendant, by and through its supervisor, were outrageous because of Defendants' evil motive or reckless indifference to the rights of others, and an award of  punitive damages against Defendant is warranted in order to punish Defendant, and to deter others from like conduct.

**COUNT I**
**RACE DISCRIMINATION IN VIOLATION OF THE**
**MISSOURI  HUMAN  RIGHTS  ACT**

51.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

52.     Defendant HEG treated Plaintiff differently than other employees and discharged Plaintiff's employment, failed to renew Plaintiff's employment, and failed to hire or rehire Plaintiff as a Front Desk Clerk for Defendant HEG.

7

Electronically Filed - St Louis County - December 15, 2021 - 03:19 PM

53.     Defendant HEG discriminated against Plaintiff based on her race because of the race-based conduct described  in paragraphs 19 through 51 in violation of the Missouri Human Rights Act.

54.     Plaintiff's race was a compelling factor in such decision to treat her differently and to discharge, failure to renew Plaintiff's employment, and failure to hire or rehire Plaintiff as a Front Desk Clerk for Defendant HEG.

55.     Defendant HEG's actions constitute an  unlawful employment practice and a violation of Plaintiff's rights under § 213.055 RSMo.

56.     Defendant HEG's conduct was willful, wanton, and malicious.

57.     As a direct result of such conduct, Plaintiff sustained damage.

WHEREFORE, Plaintiff, Ms. Tracey Cross, respectfully requests judgment in her favor against Defendant HEG for pain and suffering and compensatory and punitive damages in an amount in excess of $25,000.00 but less than $74,999.99, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

**COUNT II**
**AGE DISCRIMINATION IN VIOLATION OF THE**
**<u>MISSOURI  HUMAN  RIGHTS  ACT</u>**

58.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Petition as if fully set forth herein.

59.     Defendant HEG treated Plaintiff differently than other employees who were more favorably treated, and discharged Plaintiff's employment, failed to renew Plaintiff's employment, and failed to hire or rehire Plaintiff as a Front Desk Clerk for Defendant HEG.

Electronically Filed - St Louis County - December 15, 2021 - 03:19 PM

60.     Defendant HEG discriminated against Plaintiff based on her age because of the age-based conduct described  in paragraphs 19 through 51 in violation of the Missouri Human Rights Act.

61.     Plaintiff's age was a compelling factor in such decision to treat her differently and to discharge, failure to renew Plaintiff's employment, and failure to hire or rehire Plaintiff as a Front Desk Clerk for Defendant HEG.

62.     Defendant HEG's actions constitute an  unlawful employment practice and a violation of Plaintiff's rights under § 213.055 RSMo.

63.     As a direct result of such conduct, Plaintiff sustained damage.

WHEREFORE, Plaintiff, Ms. Tracey Cross, respectfully requests judgment in her favor against Defendant HEG for pain and suffering and compensatory damages in an amount in excess of $25,000.00 but less than $74,999.99, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

Respectfully Submitted,


By: */s/ Anthony S. Bretz*_____
Anthony S. Bretz, #61075
BRETZ LEGAL, LLC
222 S. Central Ave., Ste. 1004
Clayton, MO 63105
Phone: (314) 730-0394
Fax: (314) 785-6500
Email: tbretz@bretzlegal.com
*Counsel For Plaintiff*

Electronically Filed - St Louis County - December 15, 2021 - 03:19 PM

# Exhibit A

Electronically Filed - St Louis County - December 15, 2021 - 03:19 PM

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Tracey Cross**<br>**3339 Claxtonhall Dr Apt 2**<br>**Hazelwood, MO 63044** | From: | **St. Louis District Office**<br>**1222 Spruce Street**<br>**Room 8.100**<br>**Saint Louis, MO 63103** |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **560-2020-01336** | **Tonya R. Hauert,**<br>**Investigator** | **(314) 798-1942** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Alfred C. Kirk Jr.

Digitally signed by Alfred C. Kirk Jr.
Date: 2021.08.25 06:04:27 -05'00'

Enclosures(s)

For:   **Lloyd J. Vasquez, Jr.,**
       **District Director**

*(Date Issued)*

cc:

**Toi Brown**
**Corporate Director of HR**
**Hotel Equities**
**4800 N POINT PKWY**
**STE 250**
**Alpharetta, GA 30022**

**Anthony Bretz, Esq.**
**KODNER & WATKINS, LC**
**222 S. Central Ave.**
**SUITE 1004**
**University City, MO 63105**

Enclosure with EEOC
Form 161-B (11/2020)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*