UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACEY CROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21CV1519 HEA |
| ) | |
| HOTEL EQUITIES GROUOP, LLC ) | |
| d/b/a SPRINGHILL SUITES ST. LOUIS ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff's Motion for Leave to File Second Amended Petition for Damages, [Doc. No.9], and Defendant's Motion to Dismiss or In the Alternative, Motion for Summary Judgment, [Doc. No. 7].  For the reasons set forth below, the Motion for Leave to File Second Amended Petition for Damages is granted. The Motion to Dismiss or In the Alternative, Motion for Summary Judgment is denied as moot.

**Facts and Background**

Plaintiff's original Petition, which was filed in the Circuit Court of St. Louis Count, Missouri on November 22, 2021, contained four counts: Race and age discrimination pursuant to the Missouri Human Rights Act, § 213.055 RSMo, ("MHRA"), and race and age discrimination pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e), *et seq.* and 29 U.S.C. § 621, *et seq.* ("ADEA")

Plaintiff alleged she was discriminated against based on her race and age in her employment with Defendant.

On December 15, 2021, Plaintiff filed a First Amended Petition for Damages. Her First Amended Complaint contains two counts. Count I alleged race discrimination under the MHRA. Count II alleged age discrimination in violation of the MHRA.

Defendant removed the action to this Court on December 31, 2021 based on the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332.

On January 14, 2022, Plaintiff filed this Motion. Plaintiff's proposed Second Amended Petition[1] contains only the race and age discrimination counts pursuant to Title VII and the ADEA. Defendant objects to the Motion arguing Plaintiff's federal claims are now time-barred and therefore, allowing the filing of an amended complaint would be futile.

## Discussion

Plaintiff's proposed Second Amended Petition alleges she was discriminated against on the basis of her race in violation of Title VII and age in violation of the ADEA. Defendant argues Plaintiff's claim must be dismissed because it was made outside the statutory time limitations established by the statutes. "Any claimant

---

[1] The Court uses Plaintiff's terminology despite the fact that her pleading is properly styled a "complaint" rather than a "petition." Fed.R.Civ.P. Rule 3.

2

who files an administrative charge and receives a right-to-sue letter from the EEOC must file suit within ninety days after receiving that letter to preserve the cause of action." *Anderson v. Unisys Corp.,* 47 F.3d 302, 309 (8th Cir.1995); *See* 42 U.S.C. § 2000e-5(f)(1).

Plaintiff received her right-to-sue letter from the EEOC on August 25, 2021. Plaintiff filed her original petition in state court within the ninety-day limitations period; however, she subsequently did not assert a Title VII or an ADEA claim in her Amended Petition. Instead, Plaintiff elected to proceed only under the Missouri Human Rights Act. In her proposed Second Amended Petition, Plaintiff alleges Title VII and an ADEA claims violations. Plaintiff states that her Title VII and ADEA claims were timely filed. The Court believe these claims should relate back to the filing of the original complaint. "Under Federal Rule of Civil Procedure 15(c), an amended complaint relates back to the date of the original pleading 'whenever the claim ... asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth ... in the original pleading.'" *Donnelly v. Yellow Freight System, Inc.,* 874 F.2d 402, 410 (7th Cir.1989). "Contrary to defendant's assertion, the same substantive legal theory need not be alleged in both complaints; rather the claims need only arise out of the same 'conduct, transaction or occurrence.'" *Id.* Plaintiff's Title VII and ADEA and MHRA claims are based upon

3

identical facts and occurrences. Accordingly, Plaintiff's Title VII and ADEA claims will relate back to her timely filed original petition. Defendant's objection to the filing of the Second Amended Petition is overruled.

## Conclusion

Based upon the foregoing analysis, Plaintiff's Motion for Leave to File Second Amended Petition will be granted. Defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment based on the First Amended Petition will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Second Amended Petition for Damages, [Doc. No.9], is granted.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss or In the Alternative, Motion for Summary Judgment, [Doc. No. 7], is denied as moot.

Dated this 29th day of August, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE